NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50374 |
| Plaintiff-Appellee, | D.C. No.<br>8:15-cr-00060-DOC-1 |
| v. | |
| NADER SALEM ELHUZAYEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50392 |
| Plaintiff-Appellee, | D.C. No.<br>8:15-cr-00060-DOC-2 |
| v. | |
| MUHANAD ELFATIH M.A. BADAWI, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Before:  TASHIMA, HURWITZ, and FRIEDLAND, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Nader Elhuzayel and Muhanad Badawi appeal their convictions for, inter alia, conspiring and attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. Elhuzayel also challenges his 360-month prison sentence. We have jurisdiction over these appeals under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

1.     The district court did not abuse its discretion in admitting various images, including images of terrorist acts, found on defendants' social media accounts and digital devices. *See United States v. Lloyd*, 807 F.3d 1128, 1151 (9th Cir. 2015) (stating standard of review). The images, typically accompanied by commentary approving their depictions, were relevant to the contested issue of intent including because they rebutted defendants' arguments that the purpose of Elhuzayel's planned travel to the Middle East was not to join the Islamic State, but rather simply for a wedding. *See United States v. Curtin*, 489 F.3d 935, 952 (9th Cir. 2007) (en banc) ("We routinely have held that circumstances surrounding an alleged crime become *more* relevant when the defendant makes his intent a disputed issue.").

Moreover, because defendants did not object to introduction of many of the more graphic images, we cannot conclude that the district court abused its discretion in holding that the probative value of the items that were objected to was not "substantially outweighed" by the danger of undue prejudice. *See* Fed. R. Evid. 403;

*see also United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (observing that the district court "is not required to scrub the trial clean of all evidence that may have an emotional impact" (internal quotation marks omitted)).

2.  Even assuming defendants did not forfeit appellate review of the denial of their severance motions by failing to renew them at the close of evidence, *see United States v. O'Neal*, 834 F.2d 862, 866 (9th Cir. 1987), the district court did not abuse its discretion in denying the motions, *see United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (per curiam) (stating standard of review). Elhuzayel and Badawi did not present mutually antagonistic defenses. Although Badawi claimed he was manipulated by Elhuzayel into financing the latter's trip to the Middle East, Badawi "did not seek to gain acquittal by implicating" his codefendant. *United States v. Gillam*, 167 F.3d 1273, 1277 (9th Cir. 1999). Rather, both claimed that the purpose of the trip was innocent. The district court also provided requested limiting instructions, gave separate jury instructions as to each defendant, and cautioned the jury to consider the case of each defendant separately. *See United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004).

3.  The proposed jury instructions that Elhuzayel contends were erroneously declined by the district court were "adequately covered by other instructions." *See United States v. Barragan*, 871 F.3d 689, 710 (9th Cir. 2017). The instructions given required the jury to find that Elhuzayel had agreed to work

3

under the direction and control of the Islamic State, a finding that obviated a separate determination of whether he was engaged in protected First Amendment activity.[1]

4.      Elhuzayel's constitutional challenge to the in camera, ex parte review process authorized by the Foreign Intelligence Surveillance Act ("FISA") is foreclosed by our opinion in *United States v. Ott*, 827 F.2d 473, 476–77 (9th Cir. 1987). Based upon our independent review of the classified record, we conclude that the FISA warrant was supported by probable cause. *See* 50 U.S.C. §§ 1805(a)(2), 1824(a)(2). We also conclude that disclosure of the FISA materials to Elhuzayel was not "necessary to make an accurate determination of the legality" of the surveillance and searches authorized by the warrant. *Id*. §§ 1806(f), 1825(g).

5.      Elhuzayel's 360-month sentence, which is at the low end of the Guidelines range, although plainly long, was not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc) ("[W]e recognize that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal."). The record "reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (internal quotation marks omitted). The court thoroughly analyzed the circumstances of the offense, found no

---

[1]      In light of this conclusion, we need not reach the government's additional argument that Elhuzayel's proposed instructions erroneously stated the law under *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010).

indication of remorse, and determined that the sentence was necessary to protect the public. The other terrorism-related prosecutions cited by Elhuzayel involved circumstances which were meaningfully different from this case. *See id.* at 1094–95. The district court was not obligated to vary downwards based on policy disagreements with the Guidelines, even if doing so would have been within its discretion. *United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011).

**AFFIRMED.**